United States District Court
Western District of Missouri
Central Division

Mr. Ryan C. Christian,
(Plaintiff)

SCANNED at JCCC and E-mailed
14/3/9 by EK. 19 pages
date        initials   No.

v.

CASE NO. 2:19-CV-04144-NKL

Anne L. Precythe, ET AL;
(Defendants)

Plaintiff Motion in Suggestion and Opposition
to MDOC defendants Precythe, Ramey, Keely,
Leonard, Krantz, Epps and Lopez Memorandum
in Support of their Motion to Dismiss Plaintiff
Complaint, or in the Alternative, Motion for More
Definite Statement

COMES NOW, plaintiff "Mr. Ryan Christian", an pro'se litigant bringing
his "Motion of Suggestions and Oppositions to MDOC defendants Precythe,
Ramey, Keely, Leonard, Krantz, Epps and Lopez Memorandum in
Support of their Motion to Dismiss Plaintiff's Complaint, or in the
Alternative, Motion for more Definite Statement, states as follows;

The "MDOC" defendant's most recently filed "Motion to Dismiss" is
premised on a flawed reading of plaintiff "Mr. Christians" Amended
Complaint. First, MDOC defendant's argue that, by Amending a
Complaint plaintiff "had failed to Exhaust Administrative remedies,

Case 2:19-cv-04144-NKL Document 32 Filed 12/03/19 Page 1 of 20

but the "Court's" will find out MDOC defendant's tactic is based solely on a fabrication to have the Courts "side-tracked" from the facts of defendant's violating plaintiff First, Eighth and Fourteenth Amendment rights. Because plaintiff has "Exhausted" his Administrative Remedies through the "PLRA" Prison Litigation Reform Act "process of filing his grievance appeal, grievance -and-informal resolution request. See attached exhibits.

Next, the "MDOC Defendants" urge the Courts that plaintiff's suing defendants in the official, individual and injunctive relief capacity is beyond the scope of their jurisdiction, and defendants urge the "Court the "Plaintiff's" Fourteenth and Eighth Amendment claims should be dismissed. While the facts prove "MDOC defendants" arguments are conclusory on these points, Plaintiff's allegations are not.

Plaintiffs' Amended Complaint Alleges, with factual detail, how plaintiff was subjected to a pattern cruel unusual punishment of being denied and-deprived medical treatment for his serious bed-sores, denial of paralegic equipment and facilities in the suicide cells without soap and cleaning hygienes -nor- paralegic equipment to use the restroom, but defendant's force plaintiff to crawl over his cell-and-strip cell to use the restroom over a "Chinesse" toilet hole in the ground, including the denial of equipment for his paralegic condition while in "AdSeg" Administrative segregation going to outside recreation. In which, plaintiff put higher ranking defendant's on "Notice" through letters, face to face

GRIEVANCE APPEAL PROCESSES.

The "Eighth Circuit" has previously held that conduct of this magnitude violates the Eighth-and-Fourteenth Amendments and plaintiffs claim falls squarely within that precedent. For the reasons described above and below, each of the objections raised by the "MDOC" defendants to plaintiff's most recent complaint are premised on a impermissibly narrow reading of "Plaintiffs" allegations. As such, MDOC defendants instant motion should be denied.

A.                    FACTUAL BACKGROUND

Plaintiff "Mr. Ryan C. Christian" is an paralegic inmate alleged in the complaint housed at "Jefferson City Correctional Center inside (Ad Seg) administrative segregation. Plaintiff has repeatedly been denied his medication-and-medical treatment for his serious physical injuries of huge sores, bruises-and-repeated pain of spasms inside his one leg.

From January until present date of November 2019, plaintiff repeatedly wrote "Director" defendant Anne Precythe, Elaine Ramsy, Stan Keely and Justin Krantz letters putting them on notice he was being forced to go outside to recreation without his wheel-chair, and force to crawl around on the ground because defendant's failed to have paralegic equipment in the recreation cages for him-and-other paralegic inmates- Especially, since he

Keely and Krantz failed to remedy facts of plaintiff being forced to recreation without his wheelchair in the recreation cages and failed to place paraplegic equipment in the recreation cages to prevent plaintiff from being forced to crawl around, especially when it would rain outside on outside recreation.

Plaintiff would recieve huge sores, bruises and pain that prevented him from sleeping or participating in daily activies, that made plaintiff leg bleed severly and daily with sores on his paraplegic leg - to the point he would cry from the pain.

In March 2019, plaintiff repeatedly complained to defendants Krantz and Leonard of being without his wheelchair inside his cell, and being forced to crawl around on the floor inside his cell. Defendants Krantz and Leonard approached plaintiff cell threatening plaintiff to stop filing letters to higher ranking official defendants Precythe, Ramey and Keely because plaintiff would never get his wheelchair if he continued to write higher ranking officials. In which, defendant Krantz stated; Mr. Christian, I've already contacted medical to stop you from getting that wheel chair in that cell, so if you want to keep on pressing the issue - then I have the power as the "Fum-Functional Unit Manager" to stop you from recieving medical treatment.

Plaintiff was prevented his wheelchair completely by defendant "Leonard and Krantz", and delibcrately indifferently prevent him from recieving medical treatment each time plaintiff declared

Both defendant's KRANTZ and LEONARD observed the bleeding huge sores on plaintiff paralegic leg, but TOTALLY REFUSE TO Allow plaintiff GET medical ATTENTION—UNLESS plaintiff Agreed TO STOP Filing letters. Plaintiff WAS denied THE RIGHT TO HAVE his wheelchair inside his cell, and denied the right to claim medical EMERGENCY FOR his serious physical injuries by the directive of defendants KRANTZ AND LEONARD.

Plaintiff WAS REPEATEDLY denied his wheelchair, and FORCE TO CRAWL AROUND on the Floor inside his cell in substantial harm. On April 9, 2019, plaintiff WAS placed inside the suicide cell of 8-House Ad.seg being denied his wheel-chair, And FORCED TO CRAWL AROUND on the FLOOR TO deficate in a 'Chinesse' Toilet hole in the ground. Plaintiff had to place his buttock over the hole to deficate in a postrate position, inwhich 'MDOC' defendant's policy prevents inmates from being Allowed Toilet paper, soap and cleaning materials FOR his FACE And hands. Plaintiff had TO EAT his Food in the 'Strip Cell' without soap AFTER deficating.

April 10, 2019, defendants 'STAN Kseley and Elaine Ramsey' CAME TO THE STRIP-CELL looking into the suicide-cell—where plaintiff WAS placed behind A steal door slat to see inside The cell. Defendant's Ramcy and Kseley looked AT plaintiff PROMISE plaintiff by stating; You (Mr Christian) will not GET NO wheelchair inside this suicide-cell in 8 HOUSE, because these cells are not made for paralegic people like you. So Mr Christian This is the only way that you will GET is crawling AROUND

in this cell, because (we)(defendants Ramsey and Keely) are the only people see you. So have a nice day until you stop filing complaints you'll get help. Plaintiff was force to crawl around inside the suicide-cell in serious pain because his ampitated paralagic would fold under him and plaintiff had severe sores of bleeding bruise over his leg. Defendants Ramsey and Keely left plaintiff in a substantial risk of serious harm of being without an whselchair inside the suicide cell, and forced to crawl around being paralagic inmate deficating in a toilet.

Plaintiff Christian, was finally released from the suicide cell and placed into "7-House" administrative separation.

In the month of May 2019, "CO1 Epps and CO2 Lopez" approached plaintiff cell threatening him to stop filing grievances, letters and telling staff defendants Krantz and Leonard in his complaints. Defendants "Mr Epps" told plaintiff; if you file another piece of paper back in that office — I'm going to break your other leg off. Defendant Lopez stated; We not playing with you Mr Christian, so test us.

Plaintiff wrote defendant Ramsey "about" Jefferson City Corr Center not having a policy for paralagic equipment in the suicide cell—nor-having a whselchair in the suicide cells of 8 House. Defendant Ramsey & Precythe, Keeley, "Mr Krantz" failed to remedy a known risk of substantial

Plaintiff sued 'MDOC' defendants in both their individual and official capacities. Plaintiff seeks monetary damages in the amount of $1,000,000 dollars compensary damages and $1,000,000 dollars in punitive damages And injunctive relief.

## B. Legal Standard

A claim is plausible when the factual content asserted by plaintiff allows the "Court" to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 129 Sct 1937, 1949 (2009); Bell Atlantic Corp, v. Twombly, 550 US. 544, 556 (2007). And of course, when reviewing the complaint, the "Court" should accept the allegations as true-and-construe them in the light most favorable to the plaintiff Mr Christian... See Mo-Kan Iron Workers Pension Fund v Acme Erectors, 2016 US. Dist Lexis 160660, 2 (W.D. MO Nov 21, 2016), citing Schaaf v. Residential Funding Corp, 517 F3d 544, 549 (8th Cir 2004) A complaint containing only labels and conclusions-or-a formulaic recitation of the elements of a cause of action "is insufficient, A complaint must contain "Factual content allowing the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Twombly, 550 US 544, 570 (2007)

## C. Argument

Defendant whom was placed on "Fair Warning" in his 42 USC.§1983 complaint. Government officials who perform discretionary functions generally are entitle to qualified from liability for civil damages" insofar as their conduct does not violate clearly establish statutory-or-constitutional Rights of which a reasomble person would have known. Harlow v Fitzgerald, 457 US 800, 818, 73 Led 2d 396, 102 Sct 2727 (1982) (citations omitted)

"MDOC" defendants clearly violated sufficiently clear Rights of plaintiff "Mr Ryan C. Christian," and was placed on FAIR WARNING. Fair warning was-and-continue to be the element in this case.

D.   MDOC Defendant should not be Allowed
     Qualified Immunity in this case against
          Plaintiff

The Qualified immunity inquiry is whether the alleged facts that the defendants violated plaintiff "Mr. Christian" constitutional rights. Saucier v. Katz, 533 US 194, 201-202, 150 Led 2d 272, 121 Sct 2151 (2001) The allegations in plaintiff complaints show that each individual "MDOC" defendant indeed violated the plaintiffs' constitutional Rights, the second inquiry is whether the law at the time of the alleged constitutional violation was clearly established. Id at 201-202.

That is to say, the Right the official is alleged to have violated must have been "clearly established" in a more particularized,

MUST BE SUFFICIENTLY CLEAR THAT A REASONABLE OFFICIAL WOULD UNDERSTAND THAT WHAT HE IS DOING VIOLATES THAT RIGHT." ANDERSON V. CREIGHTON, 483 US 635, 640, 97 L.Ed2d. 523, 107 SCT 3034 (1987)

To DETERMINE THAT THE LAW WAS CLEARLY ESTABLISED, THIS COURT, NEED NOT LOOK TO A CASE WITH "IDENTICAL-OR-EVEN MATERIALLY SIMILIAR" FACTS. HOPE V. PELZER, 536 US 730, 739-741, 153 LEd2d 666, 122 SCT 2508 (2002). RATHER, THE STANDARD IS ONE OF "FAIR WARNING" WHERE THE CONTOURS OF THE RIGHT HAVE BEEN DEFINED WITH SUFFICIENT SPECIFICITY THAT A "STATE" OFFICIAL HAD "FAIR WARNING" THAT (his) CONDUCT DEPRIVED A VICTIM-OR-IN THIS CASE OF PLAINTIFF RIGHTS, THEN "MDOC" DEFENDANT IS NOT ENTITLED TO QUALIFIED IMMUNITY. HAUGEN V. BROSSEAU, 339 F3d 857, 2003 US. App. Lexis 15517 AT 42 (9TH CIR 2003) (CITATION OMITTED); SEE ALSO PELZER 536 US AT 740 N. 10 (The OBJECT OF THE CLEARLY ESTABLISHED IMMUNITY STANDARD IS NOT ~~difference~~ DIFFERENT FROM THAT OF FAIR WARNING...) (CITATION AND ALTERATION)

Plaintiff COMPLAINT ALLEGED SPECIFIC FACTS, THAT DEMONSTRATE "MDOC" DEFENDANT DELIBERATE INDIFFENCE TOWARDS his SERIOUS PHYSICAL INJURIES being HOUSED UNDER SUBSTANTIAL RISK OF HARM INSIDE his CONDITIONS OF CONFINEMENT—HAD A PROTECTED RIGHT TO BE GIVEN MEDICAL TREATMENT, TO HAVE A WHEEL-CHAIR INSIDE THE SUICIDE CELL-OR-PARALEGIC EQUIPMENT TO PREVENT him CRAWLING AROUND ON A FLOOR INJURING his PARALEGIC LEG AND- DENIED CLEANING TOILET PAPER, SOAP-AND-MAINLY being FORCED TO GO TO RECREATION CRAWLING AROUND by THE "MDOC" DENIAL TO HAVE PARALEGIC EQUIPMENT-OR-BE GIVEN his WHEEL CHAIR IN THE RECREATION

"MDCC" defendant's should not be granted a "Motion to Dismiss," because defendant's had "Fair Warning" through plaintiff's letters, grievances filed against them - and verbal face-to-face communication putting on "Notice" of his serious physical injuries or sores, bruises and constant bleeding being forced to crawl around on the floor for months without his wheel-chair. Defendant's knew the law was clearly established in the Eighth Circuit and Sister Courts of forcing plaintiff to deficate in a hole in the ground, especially being a paraleyic with "ONE LEG" without handicap toilet facilities. Mitchell v Newryder, 245 F.Supp.2d 200, 204 (D. MASS 2003) (holding prisoner denied access to toilet stated a valid claim that he was purposely subjected to dehumanizing prison conditions regardless of any risk of harm); see, Lafaut v Smith 834 F.2d 389, 392-94 (4th Cir 1987) (failure to provide adequate toilet facilities and necessary physical therapy for months - warden was the responsible official in charge and fully advised) see also Mc Cray v. Burrell, 516 F.2d 357, 365-69 (4th Cir 1975) (en banc) (two day confinement in strip-cell conditions with hole in the floor rather than a toilet violated the Eighth Amendment); see finally; Johnson v. Williams, 788 F.2d 1319, 1323 (8th Cir 1986) 788 F.2d 1319, 1323 (8th Cir 1986) (18-hour strip cell confinement could violate the Eighth Amendment depending on the conditions)

For the above listed reason, The Courts will acknowledge "MDCC" defendants should not be allow Qualified Immunity, nor-granted their "Motion to Dismiss" because each defendant had

**E.** THE LAW WAS CLEARLY ESTABLISHED AGAINST "MDOC" DEFENDANTS HIGHER RANKING OFFICIALS

First, the claims plaintiff has raised in his allegations prove each "MDOC" defendant Precythe, Ramey, Keeley, Leonard, Krantz, Epps and Leonard knew about the plaintiff serious physical injuries needed medical attention either through letters, face to face communication or grievances being filed directly putting them on "Notice" proving each defendant acted with deliberate indifference; And secondly, the law was clearly established in the Eighth Circuit and other Sister Courts that "MDOC" defendants have a obligation and responsibility to give plaintiff medical treatment.

Prison officials such as "MDOC" defendants can not be held liable under § 1983 on a theory of respondeat superior. See eg Choate v. Lockhart, 7 F3d 1370, 1376 (8th Cir 1993)

However, "Supervisors" such as "MDOC" defendants, can incur liability for their personal involvement in a constitutional violation or when their corrective inaction amounts to deliberate indifference to or tacit authorization of the violative practices. Id (internal quotation marks and citation omitted) (quoting Fruit v. Norris, 905 F2d 1147, 1151 (8th Cir 1990), and Howard v. Adkison, 887 F2d 134, 137 (8th Cir 1989)

Especially, where a prisoner — such as plaintiff Mr. Ryan Christian needs medical treatment prison officials are under a Constitutional duty to see that it is furnished. Crooks v. Nix, 872 F2d 800, 804 (8th

TO FURNISH TREATMENT is unfilled, THE MERE CONTRACTING OF SERVICES WITH AN INDEPENDENT does NOT IMMUNIZE THE <u>STATE</u> FROM liability FOR DAMAGES IN FAILING TO provide A PRISONER WITH THE OPPORTUNITY FOR SUCH TREATMENT. <u>Id.</u> (Citing <u>WEST v. ATKINS</u>, 487 U.S. 42, 55, 108 SCT 2250, 101 Led.2d 40 (1998); SEE ALSO <u>Boyd v KNOW</u>, 47 F3d 966, 969 (8th Cir 1995).

All OF THE MDOC DEFENDANTS' violated clearly ESTABLISHED LAW, IN WHICH THIS PART OF THE INQUIRY DEMANDS THAT REVIEWING COURTS DO MORE THAN DETERMINE THAT THIS LAW WAS CLEARLY ESTABLISHED IN THE ABSTRACT. REECE v GROSSE, 60 F3d 487, 491 (8th CIR 1995); SEE ALSO KAHLE v. LEONARD 477 F3d 544, 553 (8th CIR 2007) (At A high ENOUGH Level OF ABSTRACTION EVERY CONSTITUTIONAL RIGHT is CLEARLY ESTABLISHED).

IN THIS CASE OF PLAINTIFF, IT is plain MDOC DEFENDANTS PRELYTHS, RAMEY, KEELY, KRANTZ, LEONARD, EPPS AND LOPEZ KNOW ALL THE RELEVANT FACTS ABOUT PLAINTIFF Mr. CHRISTIAN MEDICAL NEED, THE UNLAWFULNESS OF FAILING TO ENSURE PLAINTIFF RECIEVE ADEQUATE TREATMENT WOULD HAVE BEEN APPARENT. And THE ONLY RELEVANT FACT THE COURT CAN IDENTIFY is PLAINTIFF SENT LETTERS, GRIEVANCES AND EACH DEFENDANT SEEN FACE TO FACE THROUGH RELEVANT ACKNOWLEDGE PLAINTIFF WAS BLEEDING, LEFT WITHOUT HIS WHEELCHAIR FOR MONTHS CRAWLING AROUND IN HIS CELL TO USE THE TOILET, CRAWLING IN THE SUICIDE CELL TO USE A CHINESSE TOILET, And MAINLY CRAWLING AROUND IN THE RECREATION CAGES IN COLD WEATHER OF RAIN AND SNOW WITH A BLEEDING LIMB LEG. While MDOC DEFENDANTS OWN ANSWER TO THEIR "MOTION TO DISMISS" FILE BEFORE THE COURTS — OPENLY ADMITS DEFENDANTS SEE W LTD giving him his wheelchair in the (AdSeg)

administrative segregation cell, suicide cells-and-on recreation outside.

Also, The "MDOC" defendant's defense fails because defendants knew plaintiff completed the "Grievance" procedure, but secretly tried to bam-boozle this "Courts" with false evidence because they have in their position the completion of plaintiff "Mr Christian" Grievance Appeal process. See Int'l Union, UAW v. NLRB, 459 F2d 1329, 1336, 148 US App. DC. 305 (DC Cir 1972) ("Simply stated, The Adverse inference rule "provides that when a party has relevant evidence within his control which he fails to produce, that failure gives rise to an inference that the evidence is unfavorable to him). Defendant request for ~~Exhaust~~ should be denied.

"MDOC" defendants knew the law was clearly established for any individual defendant to deny medical treatment, especially in plaintiff situation to be force to live by the hands of Cruel unusual punishment to be denied a wheelchair in his cell in Ad.Seg confinement, strip cell-and-mainly out-side recreation when he only has ONE LEG being force to live by crawling Around. See. Frost v. Agnos, 152 F3d 1124, 1129-1130 (9th Cir 1998) (reversing summary judgment where prison officials were aware that a disable pretrial detainee who used crutches had fallen and injured himself on a slippery shower floor, but where the officials declined to take reasonable measures to help him safely); Accord La Faut v. Smith, 834 F2d 389, 392-394 (4th Cir 1987) (finding that the failure of prison officials to ensure that mobility-impaired inmates had

Case 2:16-cv-06144-NKL Document 92 Filed 08/03/19 Page 18 of 20 of a prisoner

constitutional rights). Thus, "MDOC" defendants "Motion to Dismiss" is frivolous because the law was clearly established Johnson v. Williams 788 F2d 1319, 1328 (8th Cir 1986).

## F. Plaintiff has EXHAUSTED ALL HIS ADMINISTRATIVE REMEDIES

Defendants have filed a frivolous "Motion to Dismiss" and raised the fact that plaintiff "Mr. Christian" has not "Exhausted" his "Administrative Remedies" in every single ground claim in their "Motion to Dismiss" filed recently. But plaintiff has attached each step of the grievance to this "Suggestions-and-Opposition to the MDOC defendants Motion to Dismiss.

(see attached grievance proceeding filed by plaintiff)

For these reason, plaintiff request this Court to deny "MDOC defendant's Motion to Dismiss" and grant plaintiff motion.

## G. Plaintiff has stated a Claim against MDOC defendants

The "MDOC" defendants have not identified any grounds validly for carving out an exception ~~to apply their to~~ grant their Motion to Dismiss, because each of their grounds is based on lack of evidence, false accusations-and-very tactical persuasion to blatantly deny facts. Plaintiff physical injuries was obvious, and defendants knew he faced a substantial risk of harm and disregarded that risk, by failing to abate the risk. Hunt v Uphoff, 199 F3d 1220, 1224 (10th Cir 1999) (Quoting Farmer v Brennan 511 US at 847)

Deja Davenport; lly since

Since MDOC defendants have openly admitted in their Motion to Dismiss — defendant's refuse to allow a ONE LEG PARALEGIC INMATE (plaintiff) to have a wheel chair in his cell, The strip-cell suicide watch and mainly outside recreation during the cold months of January 2019 to the present date of this filing of Suggestions and Oppositions. The facts prove A extremely torturous barbaric narrative that MDOC defendants try desperately to over-shadow through a smoke screen of filing the MDOC defendants Motion to Dismiss.

For the foregoing reasons, PRAYER FOR RELIEF through plaintiff 42 USC § 1983 complaint and request for injunctive relief should be granted. In which, the denial of MDOC defendant's Motion to Dismiss should be totally denied.

## H.    Individual Capacity Stands Against MDOC Defendants

Plaintiff may only seek monetary damages against MDOC defendants in their individual capacities. HAFER v. Melo, 502 US. 21, 31 (1991) (holding state actors, sued in their individual capacities, are persons within the meaning of § 1983. The Eleventh Amendment does not bar such suits)

For these reasons, plaintiff request MDOC defendant Motion to Dismiss And Alternatives to be dismiss — and grant plaintiff Suggestions and Oppositions.

Pursuant to 28 USC 1746,
I declare under the penalty of perjury that foregoing is true.

Mr. Ryan C. Christian
JCCC - 7-C-101
8200 NO MORE VICTIMS Rd
Jefferson City Mo 65101

| GRIEVANCE NUMBER | DATE FILED |
|---|---|
| JCCC 19-657 | |

| OFFENDER NAME (LAST NAME, FIRST) | DOC NUMBER | INSTITUTION |
|---|---|---|
| Christian, Ryan | 1016091 | JCCC |

**REASON FOR APPEAL**

I (use) (me) unusual Punishment force out of my wheelchair because i went on suicide watch And I'm a paralytic with one leg that is stuck and confine to a wheelchair like a paralize person And I had to craw to the door to get my suicide sack lunch on April 9th And 10th 2019 and that is cruel And unusual Punishment to a handicap person with a hip amputation with one leg paralytic that is confine to a wheelchair so how was i suppose to get from And back to the door without my wheelchair so craw that is a (A.D.A.) violation And cruel And unusual Punishment. Defendants Precyte, Rainey, Kooley, Krantz, Leonard, Epps and Lopez. Corizon officials Corizon inc, Morgan, Dunkis and Jennifer long committed cruel unusual punishment from January 2019 until may 2019 deny me medical attention and left me in serious pain

OFFENDER SIGNATURE: [signature]   DATE: 7-1-19

**RESPONSE**

RECEIVED
JUL 10 2019
DIV OF ADULT INSTITUTIONS
CO GRIEVANCE UNIT

| SIGNATURE | DATE |
|---|---|
| | |

Finalization of this appeal represents exhaustion of this grievance pursuant to federal law, 28 CFRs 40

| OFFENDER SIGNATURE | DATE |
|---|---|
| | |

IO 931-3378 (5-03)

DW 6/28/19



**Michael L. Parson**
Governor

**Anne L. Precythe**
Director

2729 Plaza Drive
P. O. Box 236
Jefferson City, MO 65102
Telephone: 573-751-2389
Fax: 573-526-0880

## State of Missouri
# DEPARTMENT OF CORRECTIONS
*"Improving Lives for Safer Communities"*

### GRIEVANCE APPEAL RESPONSE

July 31, 2019

Ryan Christian
Register #1016091
Jefferson City Correctional Center

RE:    JCCC-19-657
       Other
       Received on July 10, 2019
       Reviewed on July 31, 2019

Your appeal dated July 1, 2019, has been reviewed. The grievance response adequately addressed your complaint. You were placed on suicide watch in accordance with Missouri Department of Corrections procedure IS/SOP12-4.1-Suicide Intervention Procedures. You have not provided any additional evidence to support your claim of cruel and unusual punishment. Your appeal is denied.

Jeff Norman
Deputy Division Director
Division of Adult Institutions

JN/jl



STATE OF MISSOURI
DEPARTMENT OF CORRECTIONS
**OFFENDER GRIEVANCE**

8/Other
Conditions

| GRIEVANCE NUMBER | IRR NUMBER | DATE FILED |
|---|---|---|
| JCCC 19-657 | JCCC 19-657 | |

**INSTITUTION USE ONLY**

| OFFENDER LAST NAME | FIRST | DOC NUMBER | HOUSING UNIT | UNIT | INSTITUTION |
|---|---|---|---|---|---|
| Christian | Ryan | 1016091 | 2C-102 | 7 | JCCC |

**OFFENDER GRIEVANCE/REQUEST**

Cruel and unusual punishment force out of my wheelchair because I with on suicide watch and I'm a paralytic with one leg that is stuck and confine to a wheelchair like a paralyze person and I had to crawl to the door, to get my suicide sack lunch on April 9-10 2019 and this is cruel and unusual punishment to a handicap person with a hip amputation with one leg paralytic that is confine to a wheelchair so how was I suppose to get back and forth to get to the door by crawling that's cruel and unusual punishment

| OFFENDER SIGNATURE | DATE |
|---|---|
| Ryan Christian | 5-2-19 |

**SUPERINTENDENT RESPONSE**

| SUPERINTENDENT/SECTION HEAD | DATE |
|---|---|
| Stanley Payne (1) | 5/30/19 |

You have the right to appeal this decision to a division director. You must file an appeal form with the grievance officer within seven (7) days from the day you receive this decision. Failure to submit an appeal within this time frame constitutes abandonment of the grievance.

☐ I ACCEPT THIS DECISION          ☐ I APPEAL THIS DECISION

| OFFENDER SIGNATURE | DATE |
|---|---|
| | |

Case 2:19-cv-04144-NKL   Document 32   Filed 12/03/19   Page 18 of 20

MO 931-3377 (12-04)



# Missouri Department of Corrections

### Jefferson City Correctional Center

## WARDEN'S RESPONSE

**TO**: Offender Ryan Christian #1016091
**CATEGORY**: Other – Conditions of Confinement
**LOG#**: JCCC 19-657
**DATE**: June 24, 2019

     I have reviewed your grievance and pertinent information concerning your complaint of suicide watch protocol. You contend you were placed in a suicide cell without your wheelchair. You also contend this action was inhumane, cruel, and unusual punishment. You request to be able to have your wheelchair in the suicide cell with you.

     Be advised, I have conducted an administrative review of your claims. According to policy SOP12-4.1 Suicide Intervention Procedures, "Any cells designated specifically for offenders on suicide watch will be situated in such a way to allow unobstructed visual observation...i.e. minimum of fixtures and minimum equipment." A wheelchair in a suicide cell which contains metal parts would pose a safety and security risk to yourself and others. JCCC staff have followed policy within the guidelines set forth. Therefore, I do not find in your favor. Your grievance has been denied.

     If you disagree with this response you have (7) days from the day you sign the grievance in which to file a grievance appeal.

Warden: _____ Date: _6/26/19_

INSTITUTION USE ONLY ☐ EMERGENCY COMPLAINT

| OFFENDER NAME Ryan Christian | | DOC NUMBER 1016091 |
|---|---|---|
| DATE STAFF MEMBER RECEIVED IRR | COMPLAINT NUMBER SCC 19-657 | CATEGORY Other | HOUSING UNIT 7-C-102 |

**STATE YOUR COMPLAINT/PROBLEM BRIEFLY - ONE ISSUE - BE SPECIFIC**

cruel and unusual Punishment force out of wheelchair
on suicide watch and was stuck sitting in the cell and
had to crawl to the door to get me suicide sack
lunch on April 9-10 2019 And I'm A hip Amputee with
one leg that is confine to A wheelchair

**ACTION REQUESTED: STATE REMEDIES YOU ARE SEEKING**

Anyone in a handicap situation should not be force out
there wheelchair

| OFFENDER SIGNATURE | | DATE 5-20-19 |
|---|---|---|

**STAFF USE ONLY**

**DISCUSSION OF COMPLAINT (SUMMARIZE RESULTS OF MEETING)**

spoke with offender regarding IRR. offender without
incident

☐ IRR RESOLVED BY DISCUSSION/WITHDRAWN    ☑ IRR NOT RESOLVED BY DISCUSSION

| OFFENDER SIGNATURE | DATE 5-21-19 | STAFF SIGNATURE | DATE 5-21-19 |
|---|---|---|---|

**STAFF FINDINGS/RESPONSE**

| INVESTIGATING STAFF SIGNATURE | DATE 5-21-19 | RESPONDENT SIGNATURE Justin Kurz 134311 | DATE 05/21/19 |
|---|---|---|---|
| REVIEWER SIGNATURE | DATE 5/24/19 | RESULTS ☐ SATISFACTORY ☐ UNSATISFACTORY | |

YOU HAVE THE RIGHT TO FILE A FORMAL GRIEVANCE. YOU MUST FILE A GRIEVANCE FORM WITH THE DESIGNATED STAFF WITHIN SEVEN (7) DAYS FROM THE DATE
YOU RECEIVE THIS RESPONSE. FAILURE TO SUBMIT A GRIEVANCE WITHIN THIS TIME FRAME CONSTITUTES ABANDONMENT.

| OFFENDER SIGNATURE | | DATE |
|---|---|---|

MO 931-3376 (9-17)